UNITED STATES DISTRICT COURT

District of Columbia

IN THE MATTER OF THE SEARCH OF ANY )
AND ALL ACCOUNTS HELD IN THE       ) Cr. No.
SCREEN NAME rbrtcr1959@aol.com,    )
MAINTAINED AT AMERICA ONLINE, INC. )
22000 AOL WAY                      )
DULLES, VIRGINIA 20166             )

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Ashton Koo, ("Your affiant"), a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Washington Field Office, being duly sworn, depose and state as follows to wit:

1. This affidavit is in support of a search warrant application for America Online ("AOL"), 22000 AOL Way, Dulles, Virginia. Pursuant to 18 U.S.C. §2703 and Fed. R. Crim. P. 41, your affiant seeks authority to search all AOL records pertaining to accounts associated with screen name RBRTCR1959 for evidence relating to a violation of 18 U.S.C. §2252A.

2. 18 U.S.C. § 2252A provides in relevant part as follows: "Any person who knowingly receives or distributes any "child pornography" that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, shall be fined under this title, imprisoned not more than 15 years, or both." 18 U.S.C. § 2256 (8) defines "child pornography" as "any visual depiction, including any photograph,

film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct; (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or (D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct."

    3.   Your affiant submits that there is probable cause to believe that the following records and stored electronic information related to all accounts associated with screen name RBRTCR1959 contain evidence and/or fruits and instrumentalities of violations of 18 U.S.C. § 2252A: (1) Log file of all activity (including dates, times, method of connection, port, dial-up, and/or location) relating to the account(s) of AOL screen name RBRTCR1959; (2) subscriber information (including subscriber names, addresses, telephone numbers, screen names, account

numbers, status of account, duration of account, method of payment); (3) account history (including customer Terms of Service and staff complaints); (4) detailed billing records (including date, time, duration, and screen name used each time a particular account was activated); (5) the existence and content of all "favorite" sites, whether saved or deleted; (6) "chat" communications sent by or received by the accounts, whether saved or deleted; (7) e-mail sent by or received by the accounts, whether saved or deleted, opened or unopened, whether contained directly in the e-mail account or in a customized "folder;" (8) any and all "profiles" for account screen names, whether saved or deleted; and (9) any and all AOL "address books" and/or "buddy lists" maintained by the accounts.

    4.   Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. § 2252A will be located in the AOL records described above.

**AGENT BACKGROUND**

5.  I have been employed as a Special Agent of the FBI since August 25, 2002 and am currently assigned to the Washington Field Office, Northern Virginia Resident Agency.  In the Washington Division, I am currently assigned to investigate Sexual Exploitation of Children (SEOC) violations of federal law.  I have gained expertise in the conduct of such investigations through formal training and on-the-job training with more experienced agents.

6.  As a federal agent, I am authorized to investigate violations of laws of the United States and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

7.  The statements contained in this Affidavit are based on my experience and background as a Special Agent and on information provided by other agents of the FBI in the Washington Field and Buffalo Divisions.

**COMPUTERS AND THE INTERNET**

8.  Based on my knowledge, training, and experience, and the experience of other law enforcement officers, I have knowledge of the Internet and how it operates. I know that the Internet is a worldwide computer network which connects computers

and allows communications and transfer of information and data across state and national boundaries.  The term "computer," as used herein, is defined pursuant to 18 U.S.C . § 1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related or operating in conjunction with such devices.

    9.   Individuals who utilize the Internet can communicate by using electronic mail (hereinafter "e-mail") and/or Instant Messages (hereinafter "IMs"). The following paragraphs describe some of the functions and features of the Internet as it relates to the subject of this search warrant.

    A.   <u>Internet Service Providers ("ISPs")</u>

    10.  Individuals who have an Internet account and an Internet based e-mail address must have a subscription, membership, or affiliation with an organization or commercial service which provides access to the Internet. A provider of Internet access and services is referred to as an Internet Service Provider or "ISP."  One such ISP is America On-Line ("AOL"),  22000 AOL Way, Dulles, Virginia 20166.

    B.   <u>Electronic Mail ("E-Mail")</u>

5

11. E-mail is an electronic form of communication which usually contains written correspondence and graphic images. It is similar to conventional paper mail in that it is addressed from one individual to another and is usually considered private. An e-mail usually contains a message "header" which generally displays the sender's e-mail address, the recipient's e-mail address, and the date and time of the e-mail transmission.

12. If a sender chooses to do so, he or she can type a subject line into the header. E-mail message "headers" usually contain information, such as identification of the sender's ISP, which enables law enforcement officers to trace the message back to the original sender. In order to do so, information must be obtained from the sender's ISP through a Grand Jury subpoena, administrative subpoena, or trial subpoena.

    C.    Instant Messages ("IMs")

13. Instant Messages (IMs) allow individual users of the Internet to send and receive messages in real time. Individual users can also transmit photographs or graphic files in real time during an IM "session". In order to communicate via IMs, users must be simultaneously logged on to the Internet using a unique "screen name". The user's "screen name" (often not the user's own name) may not be one already chosen and in use by another user

during the same session.  Oftentimes, IM sessions transpire between users who are visiting the same "Chatrooms."

14.  "Chatrooms" are usually named based on a topic of interest. Users can locate a chatroom in which they have an interest, as described by the chatroom's name.

15.  I know from my training and experience that it is common practice for those involved in obtaining child pornography via the Internet to communicate with others with similar interests via the Internet utilizing e-mail, instant messages, and chatroom services of Internet Service Providers in committing the crimes.

### AMERICA ONLINE

16.   America Online is a commercial computer service that offers ISP services to its subscribers.  AOL offers electronic message bulletin boards enabling subscribers to post messages that can be read by other AOL subscribers.  It also provides e-mail and chatroom services.  Each AOL subscriber has access to a computer which communicates through a modem connected to a telephone line with the central computer system operated by AOL in Virginia.  Through e-mail and IMs, subscribers can send messages to other e-mail subscribers (whether they are AOL subscribers or not) and attach files to those messages.  These files (in computer format) may be items such as written documents, or graphic image files which may be photographs that

have been scanned into the computer system. Both types of files can be printed out by anyone who has "downloaded" them and who has access to a printer.

17. AOL subscribers are able to use screen names during communications which in many cases do not provide the subscriber's true name or identifying data. In addition, the subscriber can fill out a subscriber profile which corresponds to the subscriber's screen name. However, the subscriber can put any identifying data into this profile. There is no check by AOL or anyone else as to the accuracy of subscriber information entered in this profile. Subscribers can easily access the identifying data entered in any other subscriber's profile.

18. AOL maintains records pertaining to its subscribers. These records include subscriber information, account access information, e-mail transaction information, account application information, and other information which records the activities and interactions of these accounts.

19. Any e-mail that is sent to an AOL subscriber is stored in the subscriber's "mail box" on AOL's computer until the subscriber connects to the AOL computer and retrieves his or her messages. After the subscriber retrieves a particular message, that message can remain for approximately 3 days, after which time it is purged by AOL. Unread messages remain on the AOL system for approximately 27-28 days before they are purged by AOL.

20. When the subscriber sends an e-mail, it is initiated at a personal computer, transferred via modem to AOL's system, and then transmitted to its destination. The sender can delete an e-mail message, thereby eliminating it from his e-mail box maintained at AOL, but that message will remain in the recipient's e-mail box if the recipient opened the e-mail first.

21. An AOL subscriber can also store files, including e-mails and image files, in the computer located at AOL in Virginia, in his account or any other account to which he has access. These are not automatically purged by AOL after the 27-28 day time period, but are rather maintained within AOL's computer as long as the subscriber chooses to store the file there.

## FACTS SUPPORTING PROBABLE CAUSE

22. On February 8, 2005, an undercover (UC) Agent from the FBI's Buffalo Division was in contact with an individual using the screen name RBRTCR1959 via AOL chatroom "yng23456789101112", AOL Instant Messenger (AIM), and e-mails. The UC Agent and RBRTCR1959 discussed trading child pornography via the internet, and the UC Agent received several child pornographic videos from RBRTCR1959 via e-mail.

23. Subsequent subpoenas to AOL and Verizon Internet Services revealed that RBRTCR1959 sent the UC Agent child pornography from 601 Edgewood Street, NE, #305, Washington,

9

D.C. 20017 using a Digital Subscriber Line (DSL). Both the AOL and Verizon Internet Services accounts were billed to Robert M. Cromwell of the same address. Subsequent investigation through the Leasing Office at 601 Edgewood St., NE, Washington, D.C. revealed that Cromwell resided at 601 Edgewood St., NE, #305, Washington, D.C. from November 1, 2003 to March 1, 2005.

24.  On May 11, 2005, the same UC Agent from the FBI Buffalo Division observed RBRTCR1959 in AOL chatroom "yng3456789101112". The UC Agent and RBRTCR1959 discussed child pornography and the UC Agent received two emails from RBRTCR1959 with images attached depicting prepubescent females displaying their genitalia.

25.  Administrative subpoenas to AOL, Level 3 Communications, and Verizon Maryland revealed that RBRTCR1959 sent the child pornography from 22811 Newtowne Neck Road, Leonardtown, MD 20650 via a telephone connection. The AOL account is associated with Robert M. Cromwell and the telephone number utilized to connect to the internet at 22811 Newtowne Neck Road is associated with S. M. Smith. Subsequent investigation revealed S.M. Smith to be Sandra M. Smith, a relative of Robert M. Cromwell.

26. A search warrant was executed at 22811 Newtowne Neck Road, Leonardtown, Maryland on September 29, 2005, and Robert M. Cromwell was interviewed at that time. Cromwell admitted to trading child pornography online and saving child pornography images on his AOL account. Cromwell admitted to using AOL and his AOL screen name RBRTCR1959 to facilitate his online child pornography trading from his residence in D.C. and Maryland. Cromwell also stated that he was the only user of screen name RBRTCR1959.

## **CONCLUSION**

27. On the basis of the above described facts, I respectfully submit that there is probable cause to believe that Robert M. Cromwell has used the Internet to receive and possess files containing images of child pornography in violation of 18 U.S.C. § 2252A.

28. I further submit that a search of the AOL account subscribed to by or associated with rbrtcr1959@aol.com as described in paragraphs 1 and 2 above, will yield evidence of violations of Section 2252A by Robert M. Cromwell.

29. I therefore respectfully request that this Court issue a search warrant authorizing a search for all AOL records and stored electronic information described below for all accounts

11

associated with screen name RBRTCR1959.  The records and stored electronic information to be seized include: (1) Log file of all activity (including dates, times, method of connection, port, dial-up, and/or location) relating to the account(s) of AOL screen name RBRTCR1959; (2) subscriber information (including subscriber names, addresses, telephone numbers, screen names, account numbers, status of account, duration of account, method of payment); (3) account history (including customer Terms of Service and staff complaints); (4) detailed billing records (including date, time, duration, and screen name used each time a particular account was activated); (5) the existence and content of all "favorite" sites, whether saved or deleted; (6) "chat" communications sent by or received by the accounts, whether saved or deleted; (7) e-mail sent by or received by the accounts, whether saved or deleted, opened or unopened, whether contained directly in the e-mail account or in a customized "folder;" (8) any and all "profiles" for account screen names,

whether saved or deleted; and (9) any and all AOL "address books" and/or "buddy lists" maintained by the accounts.

_____
Special Agent Ashton Koo
Federal Bureau of Investigation


Subscribed to and sworn before
me this ___ day of October, 2005.


_____
UNITED STATES MAGISTRATE JUDGE

```
                    UNITED STATES DISTRICT COURT

                          District of Columbia
```

```
IN THE MATTER OF THE SEARCH OF ANY     )
AND ALL ACCOUNTS HELD IN THE           )Cr. No.
SCREEN NAME rbrtcr1959@aol.com         )
MAINTAINED AT AMERICA ONLINE, INC.     )
22000 AOL WAY, DULLES, VIRGINIA 20166  )
```

**SCHEDULE A**
**LIST OF ITEMS TO BE SEIZED**

Log file of all activity (including dates, times, method of connection, port, dial-up, and/or location) relating to the account(s) of:

```
AOL screen name RBRTCR1959
601 Edgewood St., NE, #305
Washington, D.C.
and
22811 Newtowne Neck Road
Leonardtown, Maryland
```

All business records, in any form kept, in the possession of America Online, Inc., 22000 AOL Way, Dulles, Virginia, in the Eastern District of Virginia, which pertain to the above captioned account, to include, but not be limited to, the subscriber information (including subscriber's full name, addresses, telephone numbers, all screen names associated with that subscriber and account, all account numbers, status and duration of the account, method of payment, account history including terms of service complaints and staff complaints, and

14

detailed billing records (listing date, time, duration, and screen name used each time a particular account is activated), the existence of favorite sites, whether saved or deleted, chat communications sent by or received by the accounts, whether saved or deleted, all e-mail sent to, sent from, or received by the subscriber whether saved or deleted, opened or unopened, any address books, buddy lists, and account profiles associated with any of the screen names associated with Robert M. Cromwell and [rbrtcr1959@aol.com](rbrtcr1959@aol.com) whether saved or deleted.

15